UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

REGINA WALKER-HILL,

        Plaintiff,

    v.

SAXON MORTGAGE SERVICES, INC. and
DEUTSCHE BANK NATIONAL TRUST
COMPANY,

        Defendants.

Case No. 3:12-cv-02162-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Regina Walker-Hill, initially filed this case in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 1202-02653, against a number of defendants for claims arising from the foreclosure and trustee's sale of property purchased by her ex-husband. The foreclosure was initiated following a protracted period of delinquent mortgage payments and failed loan modification negotiations. After a number of defendants were dismissed in state court and plaintiff filed an Amended Complaint, defendant Deutsche Bank National Trust Company removed the case to this court with the consent of the other remaining defendant, Saxon Mortgage Services, Inc. ("Saxon").

1 – FINDINGS AND RECOMMENDATION

On December 19, 2012, Saxon filed a Motion to Dismiss (docket # 8) based on lack of jurisdiction and failure to state a claim.  Plaintiff failed to file a response by the due date of January 7, 2013, leaving the motion unopposed.

## **ALLEGATIONS**

Plaintiff alleges her ex-husband executed the Deed of Trust at issue.  Amended Complaint, ¶¶ 5, 7, 8; Request for Judicial Notice, Ex. A.[1]  Foreclosure proceedings were started due to delinquent payments.  Amended Complaint, ¶¶ 11, 13; Request for Judicial Notice, Exs. B, C, D.  While the property was in the midst of foreclosure, plaintiff was awarded the property in a divorce decree.  Amended Complaint, ¶ 8.  Foreclosure proceedings were rescinded and restarted based on a period of delinquency from March 11, 2010, through January 13, 2011.  Id, ¶¶ 15-16, 18; Request for Judicial Notice, Exs. E-I.  Plaintiff attempted to pursue a loan modification which was denied.  Amended Complaint, ¶¶ 19-20.  The property was sold at a Trustee's sale on August 24, 2011.  *Id*, ¶ 21; Request for Judicial Notice, Ex. J.

The Amended Complaint filed July 23, 2012, in state court alleges the following claims against all defendants:  (1) violation of ORS 86.705 based on recording false statements in the Affidavit of Compliance and relying upon improper calculations of the default upon which the Trustee's Notice of Sale was made (First Claim); quiet title (Second Claim); violation of ORS 646.607 by engaging in unlawful debt collection practices in the foreclosure proceedings (Third Claim); and breach of good faith and fair dealing regarding the default, loan modification process, and other asset retention options (Fourth Claim).

///

///

---

[1] Saxon's Request for Judicial Notice (docket #10) was granted (docket #15).  Facts subject to judicial notice may be considered on a motion to dismiss.  *Mullis v. U.S. Bankruptcy Ct*., 828 F2d 1385, 1388 (9th Cir1987).

## **FINDINGS**

Saxon seeks dismissal of the claims alleged against it in the Amended Complaint for two reasons. First, it seeks dismissal under FRCP 12(b)(1) for plaintiff's lack of Article III and prudential standing on all claims relating to the foreclosure because she is not a party or signatory to the Deed of Trust under which the foreclosure and sale were executed. Although plaintiff was awarded an interest in the property by a divorce decree, that decree did not undermine the rights of her ex-husband's third-party creditors.

Second, it seeks dismissal under FRCP 12(b)(6) because: (1) Saxon did not make any statements in the Affidavit of Compliance and Trustee's Notice of Sale on which an alleged violation of ORS 86.705 is based; (2) Saxon claims no interest in the real property to which plaintiff seeks to quiet title; (3) plaintiff's allegations regarding unfair trade practices are conclusory and devoid of factual support; and (4) Saxon is not a party to the Deed of Trust on which the claims for breach of good faith and fair dealing are based. Simply because Saxon engaged in unsuccessful loan modification discussions with plaintiff does not give rise to any legal duties by Saxon to plaintiff and cannot form the basis for any actionable claim against Saxon.

After reviewing the legal authorities cited by Saxon, this court concurs with Saxon's arguments that this court lacks subject matter jurisdiction over the foreclosure claims and that plaintiff fails to plead any cognizable claim against Saxon. Therefore, Saxon's motion should be granted.

## **RECOMMENDATION**

Saxon's Motion to Dismiss (docket # 8) should be GRANTED, and all claims against Saxon should be dismissed with prejudice.

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, February 11, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED  January 23, 2013.

       s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge